**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Cesar MARQUEZ–URQUIDI,**
**Defendant–Appellant.**

**No. 02–50941.**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Dec. 2, 2003.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR R. 47.5.4.

Mark Randolph Stelmach, Joseph H. Gay, Jr., Assistant US Attorney, US Attorney's Office, San Antonio, TX, for Plaintiff-Appellee.

James Steven Hershberger, Midland, TX, for Defendant-Appellant.

Before HIGGINBOTHAM, DAVIS, and PRADO, Circuit Judges.

PER CURIAM.*

Cesar Marquez–Urquidi (Marquez) appeals the district court's denial of his motion to dismiss the indictment against him which charged him with violating 8 U.S.C. § 1326(a). Marquez argues that his indictment was invalid because the underlying deportation order, which was based on his having been convicted of felony driving while intoxicated, is invalid under *United States v. Chapa–Garza*, 243 F.3d 921, 927 (5th Cir.2001).

To challenge the validity of an underlying deportation order, an alien must establish that: (1) the prior deportation hearing was fundamentally unfair; (2) the hearing effectively eliminated the alien's right to seek judicial review of the removal order; and (3) the procedural deficiencies caused actual prejudice. *United States v. Lopez–Vasquez*, 227 F.3d 476, 483 (5th Cir.2000); 8 U.S.C. § 1326(d).

Marquez fails to show that his deportation hearing was fundamentally unfair inasmuch as the hearing did not violate his procedural due process rights. *See United States v. Lopez–Ortiz*, 313 F.3d 225, 230 (5th Cir.2002), *cert. denied*, 537 U.S. 1135, 123 S.Ct. 922, 154 L.Ed.2d 827 (2003). The court need not reach Marquez's remaining arguments. *See Lopez–Ortiz*, 313 F.3d at 231; *Lopez–Vasquez*, 227 F.3d at 485.

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.